UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY A. CHARLES and CYNTHIA L. CHARLES, <br>     *Plaintiffs*, <br><br> *vs.* <br><br> QUALITY CARRIERS, INC. and KRISTINE M. RICHARDS, <br>     *Defendants*. | ) <br> ) <br> ) <br> )    1:08-cv-00428-RLY-JMS <br> ) <br> ) <br> ) <br> ) |

**ORDER**

Presently before the Court are two motions filed by Plaintiffs, both seeking an order compelling production of certain financial information they subpoenaed from Defendants' expert Dr. C.E. "Ted" Bain. [Dkt. 73, 78.] Dr. Bain's testimony challenges whether the impact of the crash in this case could have caused the injury of which Plaintiff Danny Charles complains. Dr. Bain is admittedly a frequent expert on behalf of the defense in personal injury cases. The first motion was filed on November 16, 2009, and was based on an order issued to Dr. Bain in a Connecticut case, in which he was ordered to produce a broad array of financial information for both himself and the company for which he works. [Dkt. 73.]  The Connecticut order was later rescinded, and a more restricted set of financial information was produced in that case. [Dkt. 78.] Following a conference with counsel, this Court ordered Defendants to provide Plaintiffs copies of the financial documents produced in the Connecticut case. Following review of the documents, Plaintiffs were to "report to the Court in10 days as to how the affidavits impact the pending Motion to Compel." [Dkt. 77.]

Plaintiffs' report was in fact a further Motion to Compel. [Dkt. 78.] Plaintiffs have now limited their request to now seek only "documents showing Dr. Bain's gross annual income from all sources." [*Id.*] Plaintiffs argue that although Dr. Bain has admitted that he and his business

1

provide opinions and testimony 95% of the time for the defense side, "the jury won't appropriately assess the potential bias of Dr. Bain without being able to view the dollar figures associated with the percentages. For example, the jury will not know if we are talking about 95% of $100 or 95% of $100,000,000. The sheer number of dollars involved may affect the jurors' view of the bias of the witnesses." [*Id.*] Defendants counter that the admission of record provides Plaintiffs with the ammunition they need to argue bias, that his personal financial information is private, that the unfair prejudicial impact of sharing dollar amounts outweighs any probative value, and that requiring an expert to disclose personal financial information would have a chilling effect on the willingness of experts to testify. [Dkt. 79.]

It is true that under the Federal Rules of Civil Procedure, a party may obtain discovery regarding any matter, not privileged, that is relevant to the party's claim or defense. Fed. R. Civ. P. 26(b)(1). However, when, as here, third-party discovery is at issue, the Court has the responsibility to determine whether a subpoena imposes an undue burden, and if it finds the burden is undue, the Court must quash the subpoena. Fed. R. Civ. Pro. 45(c)(3)(A)(iv). "Whether a subpoena imposes an 'undue burden' upon a witness is a case specific inquiry that turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Builders Ass'n v. City of Chicago*, 2001 U.S. Dist. LEXIS 7730, *26 (N.D. Ill. 2001) (quotation omitted). Thus relevance alone may not be enough to justify a subpoena, particularly given that the undue burden calculus is more protective of non-parties than it is for parties. *E.g.*, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of

expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." (citations omitted)).[1]

The Court finds that Defendants' arguments against requiring production of Dr. Bain's gross annual income are persuasive and that production of those documents constitutes an undue burden under the circumstances. The information sought is likely excludable under Fed. R. Evid. 403 as unfairly prejudicial and highly inflammatory, and thus not discoverable in the first place. The documents Plaintiffs seek extend beyond compensation for the service rendered in this case or similar services in other cases. More importantly, it is private and highly sensitive information. If experts were required to produce this information in all cases, it may well portend the chilling effect argued by Defendants. Plaintiffs know what Defendants paid Dr. Bain, and they know he testifies for defendants 95% of the time. They have adequate information with which to argue bias to the jury.

Accordingly, Plaintiff's Motions to Compel [dkts. 73 and 78] are **DENIED**.

01/28/2010

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF:**

Christopher M. Barry
CRAIG KELLEY & FAULTLESS
cbarry@ckflaw.com

David W. Craig
CRAIG KELLEY & FAULTLESS

---

[1] *See also Bond v. Utreras*, 2006 U.S. Dist. LEXIS 46279, *11 (N.D. Ill. 2006) (noting that a non-party is "treated differently, entitled to somewhat greater protection, than would a party be in [the same] circumstances" (citations and quotations omitted)).

dcraig@ckflaw.com

Scott Anthony Faultless
CRAIG KELLEY & FAULTLESS
sfaultless@ckflaw.com

Robert R. Foos
LEWIS WAGNER, LLP
rfoos@lewiswagner.com